IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                          Case No. 2:05-cr-222

Lady Marie Whitney

ORDER

    The defendant has filed a motion for reconsideration of the sentence imposed on March 30, 2006.

    Under the provisions of 18 U.S.C. §3582(c), a court may not modify a term of imprisonment once it has been imposed except where the Bureau of Prisons has requested the modification based upon extraordinary circumstances, where modification is permitted by statute or by Fed.R.Crim.P. 35, or where the guideline sentencing range for the offense of conviction has been retroactively lowered. The only statutory exceptions modifying the general rule in §3582(c) are found in 28 U.S.C. §2255, which permits resentencing if relief is granted under that section, and 28 U.S.C. §2106, which permits resentencing upon remand from a court of appeals or the Supreme Court. United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001). This court has no inherent power outside these provisions to modify a term of imprisonment. Id. (citing United States v. Barragan-Mendoza, 174 F.3d 1024, 1028-29 (9th Cir. 1999)). Since the exceptions in §3582(c), §2106 and §2255 do not apply in this case, this court has no authority to modify or reconsider defendant's sentence. Even if the court had such authority, the court would not reduce the sentence previously imposed. Defendant's motion for reconsideration of sentence is denied.

    Defendant has filed a separate motion for downward departure

from her criminal history category.  For the reasons previously stated, this court has no authority to modify defendant's sentence at this time.  In addition, a defendant must raise objections to guideline calculations and request any departure from the guideline range at the time of sentencing.  See United States v. Morales-Madera, 352 F.3d 1, 14 (1st Cir. 2003)(defendant's failure to request a downward departure at sentencing waived issue on appeal); United States v. Ukomadu, 236 F.3d 333, 340 (6th Cir. 2001)(defendant must raise objections to the guideline applications before the trial court); United States v. Mohler, 182 F.3d 919 (table), 1999 WL 303569 (6th Cir. 1999)(defendant had obligation to raise objections and request departure from guideline range at time of sentencing).  Defendant did not request a downward departure from her criminal history category at the time of sentencing.  Her present motion is untimely, and it is denied.

    Defendant has requested a continuance of her surrender date.  The motion is denied.

Date: May 11, 2006                     s\James L. Graham
                                                James L. Graham
                                                United States District Judge